# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

TULIO F. PATINO,

    Petitioner,

vs.

JACK PALMER, *et al.*,

    Respondents.

3:09-cv-0336-RCJ-RAM

**ORDER**

    Tulio Patino, a Nevada prisoner represented by counsel, has filed a petition for writ of habeas corpus (attached at docket #5), pursuant to 28 U.S.C. § 2254. Before the court is respondents' motion to dismiss (docket #16), petitioner's opposition (docket #20) and respondents' reply (docket #22).

**I.    Background**

    Petitioner was convicted after a guilty plea on a charge of Lewdness with a Child Under the Age of Fourteen Years and was sentenced to life in prison with the possibility of parole after ten years. He was also sentenced to lifetime supervision as a sex offender under NRS 176.0931. Petitioner was represented by court-appointed counsel during these proceedings.

    No direct appeal was filed. However, petitioner filed a state post-conviction petition for writ of habeas corpus which presented four grounds for relief including (1) a claim that his guilty plea was involuntary because he was tricked by counsel and because the plea canvass was insufficient under due process and NRS 174.035; (2) a claim that petitioner's Fourteenth Amendment rights were

violated because he was not advised of the true consequences of lifetime supervision and because the statute violates the First, Fifth, Sixth, and Fourteenth Amendments; (3) a claim that his Sixth Amendment rights to the effective assistance of counsel were violated because counsel told petitioner his family wished him to plead guilty and because counsel failed to file a direct appeal that petitioner requested, failed to investigate facts and witnesses and did not advise petitioner of a defense strategy or prepare for trial; and (4) a claim that petitioner's First and Fourteenth Amendment rights were violated when counsel failed to file a requested direct appeal.

Petitioner was appointed counsel, who then supplemented the petition with *Lozada*[1] briefing on the procedures for addressing ineffective assistance of counsel claim related to the failure to file a direct appeal and a second supplement to further address the claims petitioner raised in his pro se petition. Counsel did not raise any additional claims for relief.

Following a summary dismissal by the state court of his first two claims for relief, an evidentiary hearing was conducted in which petitioner and his plea and sentencing counsel testified. The petition was denied and petitioner appealed without counsel. The Nevada Supreme Court affirmed the lower court's decision and petitioner brought his federal petition under 28 U.S.C. § 2254, raising three claims for relief.

## II. Motion to Dismiss

Respondents move to dismiss the petition claiming that grounds two and three contain claims that are partially unexhausted and that ground two is conclusory. Petitioner opposed the motion.

A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised. *Rose v. Lundy*, 455 U.S. 509 (1982); 28

---

[1] *Lozada v. Deeds*, 964 F.2d 956 (9th Cir. 1991).

U.S.C. § 2254(b).[2] State remedies have not been exhausted unless the claim has been fairly presented to the state courts. *Carothers v. Rhay*, 594 F.2d 225, 228 (9th Cir. 1979). To fairly present a federal claim to the state court, the petitioner must alert the court to the fact that he asserts a claim under the United States Constitution. *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999), *cert. denied*, 529 U.S. 1009 (2000), *citing Duncan*, 513 U.S. at 365-66. The petitioner must make the federal nature of the claim "explicit either by citing federal law or the decisions of the federal courts." *Lyons v. Crawford*, 232 F.3d 666, 668 (9th Cir. 2000), *amended*, 247 F.3d 904 (9th Cir. 2001). Additionally, a pro se petitioner may exhaust his claim by citing to State case law which applies the federal standard. *Peterson v. Lampert*, 319 F.3d 1153, 1158 (2003) ("citation to a state case analyzing a federal constitutional issues serves the same purpose as a citation to a federal case analyzing such an issue").

The mere similarity of claims of state and federal error is insufficient to establish exhaustion. *Hiivala*, 195 F.3d at 1106, *citing Duncan*, 513 U.S. at 366; *see also Lyons*, 232 F.3d at 668-69; *Shumway v. Payne*, 223 F.3d 982, 987 (9th Cir. 2000). "[G]eneral appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." *Hiivala*, 195 F.3d at 1106, *citing Gray v. Netherland*, 518 U.S. 152, 162-63 (1996); *see also Shumway*, 223 F.3d at 987.

---

[2] 28 U.S.C. § 2254(b) states, in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that: (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available state corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> * * *
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

3

1    The fact that the state court does not explicitly rule on the merits of petitioner's claims is
2  irrelevant, because exhaustion requires only that the state court be given the opportunity to consider
3  the claims that have been presented. *Smith v. Digmon,* 434 U.S. 332, 333-334, 98 S.Ct. 257, 258
4  (1978); *Middleton v. Cupp,* 768 F.2d 1083, 1086 (9th Cir. 1985); *accord Carter v. Estelle,* 677 F.2d
5  427 (5th Cir. 1982) and *United States ex rel. Giesler v. Walters,* 510 F.2d 887, 892 (3d Cir. 1975).

6    A claim may be considered unexhausted if it includes new factual allegations which were not
7  presented to the state courts. *See Hudson v. Rushen,* 686 F.2d 826, 830 (9th Cir.1982), *cert. denied,*
8  461 U.S. 916 (1983). This is true, however, only if the new facts "fundamentally alter the legal claim
9  already considered by the state courts." *Chacon v. Wood,* 36 F.3d 1459, 1468 (9th Cir. 1994) quoting
10 *Vasquez v. Hillery,* 474 U.S. 254, 260 (1986).

11   Claims that are conclusory, or fail to provide sufficient specific facts to allow the court to
12 evaluate, from the face of the petition, whether a petitioner's claims would entitle him to relief, shall
13 be dismissed. *Blackledge v. Allison,* 431 U.S. 63, 76 (1977); *see also, Jones v. Gomez,* 66 F.3d
14 199, 205 (9th Cir. 1995), *cert. denied,* 517 U.S. 1143 (1996); *Adams v. Armontrout,* 897 F.2d 332,
15 334 (8th Cir. 1990).

16                           Ground Two

17   In the federal petition, petitioner claims "[t]he infirm plea canvass resulted in Mr. Patino's
18 guilty plea not being entered into knowingly, voluntarily and intelligently contrary to the dictates of
19 the Fifth and Fourteenth Amendments to the United States Constitution."

20   In support of the claim, petitioner contends that the trial court failed in its obligation to
21 conduct a sufficient canvass and failed to "comprehensively ascertain [petitioner's] competency to
22 enter into the guilty plea agreement." It is this latter statement which respondents assert was never
23 presented to the state court and fails to meet the specificity requirements of habeas pleading.

24   Petitioner notes that the issue of his compctency was raised to the state courts via the
25 evidentiary hearing testimony of counsel (exhibit 43, pp. 40-41), and through petitioner's reference to
26

4

his lack of comprehension in his motion for appointment of counsel to assist in post-conviction proceedings. Exhibit 31.[3] Petitioner notes that because he appealed the post-conviction denial without the assistance of counsel, the entire trial court record was transmitted to the Nevada Supreme Court for its review, putting these facts before that court.

As previously noted, additional or different facts presented to this court which were not presented to the state court, so long as they do not fundamentally alter the nature of the legal claim presented, will not make a claim unexhausted. However, raising additional facts, such as this claim related to petitioner's competence, which was not previously presented to the state court in the petition or brief, leaves such a claim unexhausted. Ground two is unexhausted.

### Ground Three

Petitioner claims that he received ineffective assistance of counsel because counsel failed to consult with him and advise him of his right to appeal and because he failed to file a notice of appeal without petitioner's consent. This ground for relief is exhausted. Petitioner claimed counsel did not advise of his right to appeal in both his original petition (exhibit 30) and in his "relation-back" petition (exhibit 32).

V. Petitioner's Mixed Petition

The court finds ground two of the petition is unexhausted in state court. Consequently, the court finds the petition in this action to be a "mixed" petition -- one containing both claims exhausted in state court and claims not exhausted in state court. As such, the entire petition is subject to dismissal, unless petitioner elects to abandon the unexhausted claims. *See Rose v. Lundy*, 455 U.S. 509, 521-22 (1982); *Szeto v. Rusen*, 709 F.2d 1340, 1341 (9th Cir.1983).

In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court placed some limitations upon the discretion of this court to facilitate habeas petitioners' return to state court to exhaust claims.

---

[3] The exhibits referenced in this order were submitted by petitioner in support of his petition for writ of habeas corpus and are found in the court's record at docket # 5-1, 5-2, and 5-3.

The *Rhines* Court stated:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

*Rhines*, 544 U.S. at 277.

Because the petition is mixed, the court will grant the motion to dismiss in part, and deny it in part. However, in view of *Rhines*, before the court determines how to handle petitioner's mixed petition, the court will grant petitioner an opportunity to show good cause for his failure to exhaust his unexhausted claims in state court, and to present argument regarding the question whether or not his unexhausted claims are plainly meritless. Respondent will be granted an opportunity to respond, and petitioner to reply.

Alternatively, petitioner may advise the court of his desire to abandon the unexhausted claims by filing with the court a sworn declaration of abandonment, signed by the petitioner, himself.

**IT IS THEREFORE ORDERED** that respondents' Motion to Dismiss (docket #16) is **GRANTED IN PART AND DENIED IN PART**. The Court finds ground two to be unexhausted in state court.

**IT IS FURTHER ORDERED** that petitioner shall have thirty (30) days from the date of entry of this order to show good cause for his failure to exhaust his unexhausted claims in state court, and to present argument regarding the question whether or not his unexhausted claims are plainly meritless. Respondents shall thereafter have twenty (20) days to respond. Petitioner shall thereafter have fifteen (15) days to reply.

**IT IS FURTHER ORDERED** that alternatively, petitioner may advise the Court of his

desire to abandon the unexhausted claims (ground two) by filing a sworn declaration of abandonment, signed by the petitioner, himself. This declaration shall be filed within the thirty days allowed to show cause for non-exhaustion.

DATED: This 3rd day of August, 2010.

_____
UNITED STATES DISTRICT JUDGE